BLD-291                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2919
_____

FRED CARTER,
                                        Appellant

v.

RAYMOND LAWLER, Superintendent, SCI Huntingdon;
CHARLES MITCHELL, Hearing Examiner, SCI Huntingdon;
ROBERT B. MACINTYRE, Chief Hearing Examiner, SCI Camp Hill;
C/O DIFFIN; C/O EBERLING

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-10-cv-01266)
District Judge: Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
and for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 15, 2011
Before: SLOVITER, JORDAN AND GREENAWAY, JR., Circuit Judges

(Opinion filed: October 5, 2011)
_____

OPINION
_____

PER CURIAM

        Fred Carter, a prisoner committed to the custody of the Pennsylvania Department

of Corrections ("DOC") at SCI-Huntingdon, appeals pro se from the order of the United

States District Court for the Middle District of Pennsylvania granting Defendants' motion to dismiss his amended complaint. For the following reasons, we will summarily affirm the judgment of the District Court.

I.

Carter filed a complaint in the District Court under 42 U.S.C. § 1983, and later filed an amended complaint. The allegations in the amended complaint stemmed from a misconduct that Carter received following a violent altercation with another inmate. Carter alleged that on June 14, 2009, Inmate Nguyen entered his cell and initiated a fight with him. Defendant Eberling, a Correctional Officer ("C/O") at SCI-Huntingdon, responded to the incident and, upon entering Carter's cell, noticed blood throughout the cell. At that time, Carter was questioned about the blood but denied being part of a fight with Nguyen. However, Carter conceded in his amended complaint that Nguyen suffered severe injuries as a result of their altercation. Defendant Eberling cited Carter for misconduct and charged him with assault and lying to an employee.

Several days later, Defendant Mitchell presided over Carter's prison disciplinary hearing. Based upon video evidence and C/O Eberling's Report, Defendant Mitchell found Carter guilty of both charges. Carter appealed that decision to the Program Review Committee ("PRC"), comprised of Defendants Ciavarella, Corbin, and Fisher. The PRC denied the appeal. Carter appealed twice more, first to Defendant Lawler, the superintendent, and subsequently to Defendant MacIntyre, the Chief Hearing Examiner. All of Carter's appeals were denied. As a result of the finding of guilt, the DOC ordered

2

Carter to reimburse the prison for Nguyen's medical expenses, which were found to total $16,624.28. This order entitled Carter to an assessment hearing, at which Carter was permitted to challenge the amount assessed. Carter was unsuccessful in his challenge and the Secretary of the DOC issued a final adjudication requiring Carter to reimburse the DOC $16,624.28.

Carter's amended complaint alleged that Defendants violated his constitutional rights, in various ways, in connection with the issuance of the misconduct. As relief, Carter asked the District Court to declare the entire misconduct proceedings unconstitutional, order the misconduct expunged from his records, and award him compensatory and punitive damages.

The Defendants filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The United States Magistrate Judge assigned to the case issued a report recommending that the District Court dismiss the amended complaint with prejudice for failure to state a claim. Over Carter's objections, the District Court adopted the Magistrate Judge's report and dismissed Carter's amended complaint with prejudice. Carter timely appealed.

II.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's order granting a motion to dismiss for failure to state a claim is plenary. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). To survive a motion to dismiss, a plaintiff must "plead[] factual content that allows the court to draw the

3

reasonable inference that the defendant[s are] liable for the misconduct alleged."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). We may summarily affirm if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O. P. 10.6.

III.

Carter first claimed that Defendant Mitchell violated his due process rights in connection with his disciplinary hearing. Specifically, Carter alleged that Mitchell: 1) failed to provide him with a copy of the disciplinary decision; 2) misrepresented the facts of the case in order to justify a guilty verdict because there was insufficient evidence to convict him; and 3) was biased against him.

The District Court correctly determined that Carter failed to allege that he was denied the minimum due process protections of Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974) during his disciplinary proceedings.[1] Although Carter claimed that he was denied a written copy of Mitchell's disciplinary hearing report, his submission of a copy of Mitchell's detailed report to the District Court clearly belies his claim.

The District Court also correctly dismissed Carter's claim against Mitchell concerning the sufficiency of the evidence. A prison disciplinary determination comports with due process if it is based on "some evidence." See Superintendent, 472 U.S. at

---

[1] The minimum required protections are: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the

4

455-56 ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. Id. at 455. The District Court correctly pointed to Carter's admission in his amended complaint that he was in a fight with Nguyen and that Nguyen suffered substantial injuries to demonstrate that Mitchell's decision was supported by "some evidence." Moreover, Mitchell indicated in his report that a video clearly shows Nguyen entering Carter's cell unharmed, but exiting moments later severely beaten. Thus, Carter's contention that there is insufficient evidence to support the disciplinary determination is without merit.

We also agree that Carter's conclusory allegation that Mitchell was biased is insufficient to state a claim. Carter merely offers a generalized critique of Mitchell's alleged partiality without providing any substantive support for his argument. He also failed to allege facts suggesting that Mitchell was involved in investigating the incident with Nguyen, or was in any way personally or substantially involved in the circumstances underlying the charge. See Meyers v. Aldredge, 492 F.2d 296, 306 (3d Cir. 1974) ("the requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantial involvement . . . in the circumstances underlying the charge from sitting on the disciplinary body"). Accordingly, the claim was correctly dismissed.

---

disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Next, Carter alleged that Defendants Ciavarella, Corbin, Fisher, Lawler, and MacIntyre violated his due process rights when, during the assessment hearing, they relied on hearsay evidence in the form of unauthenticated hospital bills, and testimony from a prison business office representative regarding those bills. As the District Court explained, however, we have held that a decisionmaker may rely on hearsay evidence in a prison disciplinary proceeding. See Griffin v. Spratt, 969 F.2d 16, 22 (3d Cir. 1992). Moreover, there is no suggestion that the hospital submitted fraudulent medical bills to the prison. Accordingly, Carter failed to state a claim for relief.

We further agree with the District Court that Carter failed to sufficiently allege that those same Defendants violated his due process rights by "arbitrarily" denying his appeals from his disciplinary conviction. Indeed, Carter submitted documentation showing that the Defendants relied on the relevant evidence available to them in deciding his appeals. Those reports specifically indicate that Defendants Lawler and MacIntyre viewed the video of the altercation and found that Mitchell's decision was supported by sufficient evidence.

Lastly, Carter attempted to set forth a failure to protect claim against Correctional Officers Heberling and Diffin because he believes that the alleged attack should have been prevented, which would have alleviated Carter's need to defend himself. In order to state an Eighth amendment claim for failure to protect, a plaintiff must sufficiently allege that prison officials were deliberately indifferent to his health and safety. Farmer v.

Brennan, 511 U.S. 825, 834 (1994). To be deliberately indifferent, a prison official must both "know[] of and disregard an excessive risk to inmate health or safety." Id. at 837. This standard is subjective, not objective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

We agree with the District Court that Carter's failure to protect claim fails because he has not alleged that Correctional Officers Herberling and Diffin were deliberately indifferent to an excessive risk to inmate safety. There is no suggestion that the Defendants had any prior warning or knowledge that Carter might be involved in an altercation with Nguyen, or that they were aware that Carter's cell door was unlocked. Because Carter's allegations are insufficient to impose liability against the Defendants, we agree with the District Court that he failed to state a viable Eighth Amendment claim.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order.[2] See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[2] The District Court did not abuse its discretion in striking Carter's second amended complaint, submitted after Defendants filed their motion dismiss, because it was identical to Carter's amended complaint.